The LINDELL GLASS COMPANY, Plaintiff in Error, v. LINA HANNEMAN *et al.*, Defendants in Error.

St. Louis Court of Appeals, November 10, 1891.

1. **Appellate Jurisdiction:** TITLE TO REAL ESTATE. A suit for the admeasurement of dower involves title to land, and this court has, therefore, no appellate jurisdiction thereof.

2. ———: PRACTICE. If a writ of error is sued out in a cause whereof the supreme court has the exclusive appellate jurisdiction, this court cannot of its own motion dismiss the writ on the ground that the requisite statutory notice of the issue of the writ has not been given to the defendant in error; but the plaintiff in error may voluntarily dismiss the writ in this court.

*Error to the St. Louis City Circuit Court.*—Hon. DANIEL DILLON, Judge.

TRANSFERRED TO SUPREME COURT (*nisi*).

*Thomas A. Russell,* for plaintiff in error.

*Lubke & Muench,* for defendants in error.

ROMBAUER, P. J.—This is an action, wherein the plaintiff seeks to subject the dower interest of one of

the defendants in certain lands to several executions obtained against her, and, for the purpose of so doing, wants to have her dower therein admeasured. The other defendant claims to be the owner in fee of the premises discharged of the widow's dower, and filed an answer setting up facts which he claims show that result. His answer was demurred to by the plaintiff. The demurrer being overruled, the plaintiff elected to stand upon it, and there was judgment accordingly; whereupon the plaintiff sued out a writ of error returnable to this court.

The defendants' counsel, appearing for that purpose only, suggests that this court has no jurisdiction of the writ, because the case involves title to real estate, but at the same time suggests that the writ should be dismissed, and the record should not be transferred to the supreme court, because the plaintiff failed to give him twenty days' written notice, that the writ had been sued out, prior to the term to which the writ was returnable.

We have decided in the case of *Null v. Howell*, 40 Mo. App. 330, that a suit for admeasurement of dower involves title to real estate within the constitutional limitation of the jurisdiction of this court. Following that ruling, we are bound to transfer this cause to the supreme court. Neither can we, as the defendants' counsel suggests we should, dismiss the writ for want of sufficient notice, since it would be an incongruous proceeding to entertain jurisdiction of the writ for one purpose, and not for another. Nor is there any evidence before us that the writ should be dismissed, since the statute does not require that the notice in question should appear of record. Nor is the statute peremptory, since the party suing out the writ may, in the proper court, show good cause for his failure to give notice.

On the other hand the plaintiff may be aware that he has neither given the required notice, nor has good

cause for his failure to do so, and may, therefore, elect to dismiss the writ here, and sue out another from the supreme court. We shall, therefore, order that this cause be transferred to the supreme court, unless the plaintiff within ten days will voluntarily dismiss the writ.

All the judges concurring, it is so ordered.